Anne L. FUNK, Plaintiff,

v.

SARA LEE CORPORATION, Peck Meat Packing Corporation, Emmber Brands, Incorporated, Richard Sobczyk, Paul Sobczak, and James Torgerson, Defendants.

No. 87–C–1272.

United States District Court,
E.D. Wisconsin.

July 13, 1988.

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

James Scott, Linder & Honzik, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

STADTMUELLER, District Judge.

Plaintiff, Anne L. Funk, filed this action on November 4, 1987 against Sara Lee Corporation, Peck Meat Packing Corporation, Emmber Brands, Incorporated, Richard Sobczyk, Paul Sobczak, and James Torgerson. The complaint alleges a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as three pendent state claims. Jurisdiction is proper under 28 U.S.C. § 1331.

Defendants filed a motion to dismiss the pendent state claims, which appear as counts 2, 3 and 4 of the complaint. To date no answer or other responsive pleading has been filed as to the Title VII claim, which appears in count 1 of the complaint. After the motion to dismiss was fully briefed, defendants filed a motion for a stay of discovery in this matter pending resolution of the motion to dismiss. Plaintiff has opposed the motion for a stay and at the same time filed a motion to compel discovery. Specifically plaintiff requests an order of the court compelling defendant to answer interrogatories propounded to defendants which plaintiff alleges are specifically directed to the Title VII count of the complaint. For the reasons which follow, defendants' motion to dismiss will be granted, defendants' motion for a stay will be denied as moot, and plaintiff's motion to compel discovery will be denied without prejudice.

Defendants' motion is brought pursuant to Fed.R.Civ.P. 12(b)(6) contending that counts 2, 3 and 4 of plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted. In *Doe on Behalf of Doe v. St. Joseph's*

*Hospital,* 788 F.2d 411, 414 (7th Cir.1986), the court summarized the standard to be used on a motion challenging the sufficiency of the complaint. The court

> ... must take the allegations in the complaint to be true and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiffs. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985); *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff is unable to prove any set of facts that would entitle the plaintiff to relief. *Ellsworth,* 774 F.2d at 184; *Benson v. Cady,* 761 F.2d 335, 338 (7th Cir.1985). A plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Ellsworth,* 774 F.2d at 184; *Benson,* 761 F.2d at 338.

788 F.2d at 414. While the facts of the complaint are to be taken as true, bare legal conclusions will not save the complaint. *Benson,* 761 F.2d at 338.

■ Count 2 of the complaint alleges that the individual defendants tortiously interfered with the plaintiff's employment rights and her contract of employment. Defendants have moved to dismiss this count because under Wisconsin law, to recover for tortious interference with contract, the defendant's actions must be intentional, *see Augustine v. Antidefamation League of B'nai B'rith,* 75 Wis.2d 207, 249 N.W.2d 547 (1977), and plaintiff has failed to allege intentional actions on the part of defendants. Plaintiff claims that the court can reasonably infer from the allegations of the complaint that defendants' actions were intentional. It appears that defendants' motion is based on plaintiff's failure to include the word "intentional" in the allegations regarding count 2 of the complaint. Intent is a necessary prerequisite for recovery for tortious interference with contract. *See Restatement 2d of Torts,* § 766 (1969). Plaintiff has not included an allegation that the individual defendants acted intentionally.

Therefore, defendants' motion to dismiss count 2 of the complaint will be granted. Plaintiff will be granted leave to amend count 2 to add allegations regarding the individual defendants' intent.

■ Count 3 of the complaint alleges that defendants acted willfully and in bad faith and breached the employer's implied covenant of fair dealing and good faith with plaintiff, and "may also violate explicit contractual terms as contained in employment-related documents issued by the defendant employer." Compl. ¶ 21. In *Brockmeyer v. Dunn & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834 (1983), the Wisconsin Supreme Court held that no cause of action for bad faith termination or breach of the covenant of good faith and fair dealing in the employment context exists in Wisconsin. The court specifically refused to impose a duty to terminate in good faith in the employment setting. 113 Wis.2d at 569, 335 N.W.2d at 838. Defendants contend that in essence count 3 of the complaint alleges two causes of action, one for the breach of the covenant of fair dealing and good faith and second, a potential breach of contract claim, without alleging a contract. Defendants rely on *Brockmeyer* and the lack of any contractual language in the complaint in support of their motion to dismiss count 3.

Plaintiff counters defendants' motion as to count 3 contending that if the court feels the allegations in count 3 are insufficient to state a claim, she should be allowed to amend her complaint to incorporate the contractual language. Plaintiff also alleges that a breach of the covenant of fair dealing and good faith is actionable in Wisconsin if such an agreement or covenant is included within the contractual language. This contractual language, plaintiff contends, can be contained either in an actual contract of employment or in an implied contract as expressed in employee handbooks. *See Ferraro v. Koelsch,* 124 Wis.2d 154, 368 N.W.2d 666 (1985).

Count 3 of the complaint is obviously deficient in that plaintiff has not alleged a specific contract which she had with de-

fendants regarding her employment, nor has she alleged the existence of a contract which could be implied from an employee handbook. Therefore defendants' motion to dismiss count 3 will be granted. However, plaintiff will be granted leave to amend her complaint to incorporate the contractual terms and conditions of employment upon which she relies. If plaintiff can allege and prove a covenant of fair dealing and good faith between her and the defendant employers, such a claim would be actionable. In such a case the court would not be imposing a duty on the employer to terminate in good faith. Rather, the employer would be imposing that duty on itself.

Count 4 of the complaint alleges that defendants refused to supply prospective employers and employment agencies with accurate job references concerning the quality of plaintiff's work while employed by the defendants. Plaintiff concedes that such a claim is not actionable so long as the employer does not issue inaccurate or defamatory information. Plaintiff is willing to stipulate to a dismissal of count 4 without prejudice. Defendants have not opposed plaintiff's request that the claim be dismissed without prejudice. Therefore, count 4 of the complaint will be dismissed without prejudice.

Defendants filed a motion for a stay of discovery proceedings in this matter pending resolution of the motion to dismiss. As defendants' motion to dismiss is now resolved, the motion for a stay is moot. Accordingly, defendants motion for a stay will be denied.

Plaintiff filed a motion to compel discovery, specifically answers to interrogatories and production of documents. This motion was filed in part in response to defendants' request for a stay and in part because defendants failed to respond within the usual time period to plaintiff's discovery requests. As a result of today's decision, this discovery dispute may resolve itself and accordingly I will deny plaintiff's motion to compel without prejudice. Defendants are reminded that they should comply with the Federal Rules of Civil Procedure as well as the local rules in proceeding with all discovery in this matter.

Accordingly,

IT IS ORDERED that defendants' motion to dismiss counts 2 and 3 of the complaint be and the same is hereby GRANTED. Plaintiff shall have thirty (30) days from the date of this order to amend those counts of the complaint.

IT IS FURTHER ORDERED that defendants' motion to dismiss count 4 of the complaint be and the same hereby is GRANTED. Count 4 of the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motion for a stay is DENIED as moot.

IT IS ORDERED that plaintiff's motion to compel be and the same is hereby DENIED without prejudice.